UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
_____

In re                                                              Chapter 11
Michael Gerard and                                                 Case No. 12-21108-svk
Nancey Gerard,
            Debtors.

_____

DECISION ON CONFIRMATION OF THE PLAN
_____

The Debtors are individuals who filed a Chapter 11 petition on February 2, 2012. On July 11, 2013, the Court held a confirmation hearing on the Debtors' Chapter 11 plan. Kevin and Margaret Gerard objected to confirmation of the plan based on (1) lack of good faith; (2) failure to provide all projected disposable income; and (3) violation of the absolute priority rule.

On the good faith issue, after considering the testimony and documentary evidence, the Court determined that the scheduled $160,000 claim of Nancey Gerard's brother, Norman Cerk, was not a loan but a gift. The Court concluded that the Debtors could cure the bad faith evidenced by including this claim by filing an objection to Cerk's claim, and assuming the claim is disallowed, directing the dividend that would have gone to Cerk to Kevin and Margaret Gerard. With respect to the projected disposable income argument, the Court directed the Debtors to provide copies of their income tax returns to Kevin and Margaret Gerard's attorney contemporaneously with filing them with the taxing authorities. For each year of the Plan, to the extent the Debtors' gross income exceeds 10% of the projected gross income in the Disclosure Statement, the Debtors must pay the amount in excess of such 10% to the unsecured creditor classes.

The remaining issue, application of the absolute priority rule, was taken under advisement. This decision constitutes the Court's findings of fact and conclusions of law on that issue. Most of the requirements for confirmation of the plan have been met in this case, but Kevin and Margaret Gerard (and the other two unsecured creditors who returned ballots) have not accepted the plan.

Since a class of unsecured creditors has not accepted the plan, the plan cannot be confirmed unless it is fair and equitable. 11 U.S.C. § 1129(b)(1). Section 1129(b)(2)(B) provides the definition of "fair and equitable" for unsecured claims:

> (B) With respect to a class of unsecured claims—
>
> (i) the plan provides that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or
>
> (ii) the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property, *except that in a case in which the debtor is an individual, the debtor may retain property included in the estate under section 1115, subject to the requirements of subsection (a)(14) of this section.*[1]

(emphasis supplied).

In turn, § 1115 provides:

> (a) In a case in which the debtor is an individual, property of the estate includes, in addition to the property specified in section 541 –
>
> (1) all property of the kind specified in section 541 that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13, whichever occurs first; and
>
> (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13, whichever occurs first.

---

[1] Subsection (a)(14) is the domestic support obligation requirement, and does not apply here.

> (b) Except as provided in section 1104 or a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate.

The fair and equitable test codifies the "absolute priority rule" for unsecured creditors and equity holders. Under the absolute priority rule, a junior class may not receive anything from the plan unless all dissenting senior classes have been paid in full.[2] The rule is logical and easy to apply when considering a corporate debtor with classes of unsecured creditors and shareholders, but here, the individual Debtors are considered the junior class, and the unsecured creditors are the senior class. Nevertheless, individual debtors qualify for chapter 11 relief, and the Supreme Court has held that the absolute priority rule applies to individual debtors. *See Norwest Bank Worthington v. Ahlers*, 485 U.S. 197 (1988) (holding that due to absolute priority rule, family farmer could not retain equity interest in farm).

With the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCA), Congress amended § 1129(b)(2)(B)(ii) and added § 1115 to the Bankruptcy Code, creating an exception to the absolute priority rule for individual debtors. Courts are divided into two camps in construing these amendments. Although an emerging majority embrace a narrow view, some courts favor a broad reading of the new exception -- allowing the individual debtor to retain all property of the estate without paying creditors in full, thus escaping the harsh consequences of the absolute priority rule.

Jumping on the bandwagon, the Debtors argue that § 1115(b) renders the absolute priority rule inapplicable to cases involving individuals. While dozens of bankruptcy courts and three courts of appeals have analyzed the application of the absolute priority rule to individual debtor cases, none has seized on § 1115(b) as grounds for abrogation of the absolute priority

---

[2] The absolute priority rule does not apply when all classes of creditors vote in favor of the plan. *In re Lafayette Hotel P'ship*, 227 B.R. 445 (S.D.N.Y. 1998).

3

rule.[3] Rather, all of the published decisions to date have focused on § 1115(a). This is a natural reading of the statutory provisions because § 1129(b)(2)(B)(ii) provides an exception to the absolute priority rule for property "included under" § 1115. And § 1115(a) -- not § 1115(b) -- defines what is included in property of the estate. Section 1115(b), copied from 11 U.S.C. § 1306(b), merely states that the debtor retains possession of property of the estate. This confirms pre-BAPCPA law that the debtor is a "debtor in possession" unless a trustee is appointed or the chapter 11 plan appoints a liquidating agent or designated person.

Even assuming that the statute is ambiguous, no legislative history suggests that the amendment to § 1129(b)(2)(B) and addition of § 1115(a) or (b) abrogates the absolute priority rule for individual debtors. *See In re Draiman*, 450 B.R. 777, 821 (Bankr. N.D. Ill. 2011) ("There is no relevant legislative history on § 1115 which would indicate its intent was to abolish the absolute priority rule."); *see also In re Shat*, 424 B.R. 854, 861 (Bankr. D. Nev. 2010) (tracing legislative history of individual debtor amendments to chapter 11, and noting that § 1115(b) was added in committee to allow a chapter 11 debtor to remain in possession of property of the estate, including post-petition service income). Based on a natural reading of the statute and in the absence of any support in the legislative history or case law, the Court rejects the Debtors' argument that § 1115(b), authorizing the individual debtor to remain in possession of estate property, abrogates the absolute priority rule.

As noted, a minority of courts have found that § 1129(b)(2)(B)(ii) read in connection with § 1115(a) abrogates the absolute priority rule. These "broad view" courts reason that, for purposes of the absolute priority rule, property of the estate is completely redefined by new §

---

[3] *In re Lindsey*, 453 B.R. 886, 903 (Bankr. E.D. Tenn. 2011), a case espousing the "narrow view" of § 1129(b)(2)(B), mentions § 1115(b) in passing, but does not leap to the conclusion that possession of property of the estate abrogates the absolute priority rule.

4

1115(a). In *Dill Oil Co. v. Stephens (In re Stephens)*, 704 F.3d 1279, 1285 (10th Cir. 2013), the court explained:

> According to the broad view, § 1115 incorporates and supercedes § 541. Under § 1115, an individual's estate includes post-petition property and earnings in addition to the pre-petition property established by § 541. . . . Initially, § 1115 creates a baseline estate of all the property covered by § 541. It then adds to that post-petition property. . . . Section 1115 thus absorbs § 541 for individual Chapter 11 cases. Therefore, the [absolute priority rule] no longer applies to any property of an individual debtor's estate.

(Internal citations and quotations omitted).

The Tenth Circuit also summarized the "narrow view" of those courts who do not find that the absolute priority rule has been abrogated:

> In contrast, the narrow view holds that § 1115 merely adds to -- but does not replace -- § 541's definition of estate property for individual debtors. Section 1115 "includes" in the estate only that property which was not already included by § 541. In other words, § 1115 includes only post-petition property and earnings.

*Id.* (Internal citations and quotations omitted).

Noting the statute's ambiguity, and the long history of the absolute priority rule in bankruptcy jurisprudence, the *Stephens* court then applied the presumption against implied repeal, concluding that neither the Bankruptcy Code nor the legislative history indicate clearly that Congress intended to abrogate the absolute priority rule. *See also In re Lively*, 717 F.3d 406, 409 (5th Cir. 2013) ("narrow view" prevails because the opposite interpretation leads to a repeal by implication of the absolute priority rule for individual debtors); *Maharaj v. Stubbs & Perdue, P.A. (In re Maharaj)*, 681 F.3d 558, 571 (4th Cir. 2012) (Congress did not intend to alter longstanding bankruptcy practice by repealing the absolute priority rule for individual debtors).

There are attractive arguments supporting the broad view. *See, e.g., In re O'Neal*, 490 B.R. 837, 851 (Bankr. W.D. Ark. 2013) ("The weakness of the narrow view is illustrated if one

5

were to ask the question: 'If Congress was not attempting to write out of individual Chapter 11 cases the absolute priority rule, what was the purpose of all of the BAPCPA amendments to Chapter 11, including § 1115, which were obviously borrowed from Chapter 13?'") However, based on the Supreme Court's directive not to "read the Bankruptcy Code to erode past bankruptcy practice absent a clear indication that Congress intended such a departure," *Hamilton v. Lanning*, 130 S. Ct. 2464, 2473 (2010), this Court agrees with the courts of appeals and bankruptcy courts that have analyzed this issue and settled on the narrow view of the BAPCPA amendments. In short, the Court concurs with the reasoning of *In re Gelin*, 437 B.R. 435, 442 (Bankr. M.D. Fla. 2010): "If Congress truly meant to exempt an individual debtor's entire estate, it likely would have referred to both §§ 541 and 1115. The more likely interpretation, then, is that the phrase 'included in the estate under section 1115' refers only to the post-petition property added to the estate under § 1115, which estate is otherwise defined under § 541."

Kevin and Margaret Gerard contend that adopting the narrow view results in the conclusion that the Debtors cannot keep any property, whether exempt or non-exempt. The Debtors respond that even if the absolute priority rule applies, they are entitled to retain their exempt property. Prior to BAPCPA, courts were divided on whether an individual debtor's retention of exempt property violated the absolute priority rule. *Compare In re Gosman*, 282 B.R. 45 (Bankr. S.D. Fla. 2002) (exempt property is within the definition of "any property" that cannot be retained by the debtor), *with In re Egan*, 142 B.R. 730, 733 (Bankr. E.D. Pa. 1992) ("[I]f debtors intend to retain only exempt property, then they are merely retaining that which is their absolute right to retain in any event, and they are not, properly speaking, receiving or retaining 'any interest that is junior to the interests' of any class of creditors"). The bankruptcy court in *In re Maharaj*, 449 B.R. 484, 493 (Bankr. E.D. Va. 2011), noted that the *Egan* analysis

6

Case 12-21108-svk    Doc 143    Filed 08/07/13    Page 6 of 9

is more consistent with § 1123(c) of the Bankruptcy Code, which prohibits anyone other than the debtor from proposing a plan that provides for the use, sale, or lease of exempt property. But in affirming the bankruptcy court's decision, the Fourth Circuit did not specifically comment on whether the debtors could retain exempt property without violating the absolute priority rule. *See Maharaj v. Stubbs, supra*.

The issue was thoroughly analyzed in a pre-BAPCPA case, *In re Henderson*, 321 B.R. 550 (Bankr. M.D. Fla. 2005), *aff'd sub nom. Van Buren Indus. Investors v. Henderson (In re Henderson)*, 341 B.R. 783 (M.D. Fla. 2006). Quoting the Seventh Circuit Court of Appeals, the *Henderson* court noted that the absolute priority rule has three components: (1) identification of the junior claims or interests; (2) identification of the property retained by the holders of such claims or interests; and (3) the determination whether the property is retained 'on account of' the junior claim or interest. *Id.* at 559, *citing In re Wabash Valley Power Association, Inc.*, 72 F.3d 1305, 1313 (7th Cir. 1996), *cert. denied*, 519 U.S. 965 (1996). The court in *Henderson* noted that once a debtor's exemptions have been approved, the exempt property is no longer property of the bankruptcy estate. *See also Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992) (unless a party objects, the property claimed exempt is exempt from the estate). Therefore, an individual debtor's exempt property does not fit within the third component, and retaining exempt property does not implicate the absolute priority rule.

In *In re Bullard*, 358 B.R. 541, 544 (Bankr. D. Conn. 2007), the bankruptcy court agreed that the better line of authority holds that the debtor's retention of his exempt property does not offend § 1129(b)(2)(B) because such retention is not "on account of the debtor's junior interest" in property. Similarly, the court in *In re Steedley*, 2010 Bankr. LEXIS 3113 (Bankr. S.D. Ga. Aug. 27, 2010), concluded that a debtor does not retain exempt property "on account of" an

interest junior to the creditors and thus does not violate the absolute priority rule by proposing to keep exempt property. This Court agrees and adds that the debtor's exempt property that has been removed from the estate prior to confirmation is not property that is received or retained "under the plan" as required for application of the absolute priority rule. The Court therefore holds that, although the absolute priority rule continues to apply in individual debtor cases, a debtor's proposal to retain his exempt property does not violate the rule.

The final issue concerns the Debtors' non-exempt property and calls for the application of the "new value exception" to the absolute priority rule. The court in *In re Draiman*, 450 B.R. at 822, explained:

> The Seventh Circuit has recognized an exception to the absolute priority rule called the "new value exception." In order to qualify for the exception, one must contribute capital which is new, substantial, necessary for success of the plan, *reasonably equivalent to the value retained*, and in the form of money or money's worth. Courts have discussed whether this new value exception is applicable to individual Chapter 11 debtors, typically holding that while it can apply it is very difficult to meet because the new value must come from a source other than the debtor.

(Emphasis supplied; internal citations and quotations omitted). *See also In re Henderson*, 321 B.R. at 560 (debtor's proposal to retain non-exempt property would prevent confirmation unless debtor submits sufficient new value to match or exceed the value of the non-exempt property).

In this case, the Debtors' plan proposes that a third party, Norman Cerk, will loan the Debtors $27,000 to fund the plan. But the liquidation analysis attached to the Debtors' plan shows that the Debtors own a cash account of $87,000 with an exemption of only $10,000. The portion of that non-exempt asset alone – there also appears to be some non-exempt equity in the Debtors' residence – demonstrates that the plan violates the absolute priority rule.

In summary, after considering the evidence and arguments of counsel, and for the reasons stated in this Decision, the Court (1) rejects the Debtors' argument that the absolute priority rule

8

is abrogated by § 1115(b); (2) rejects Kevin and Margaret Gerard's argument that the Debtors cannot retain exempt property without violating the absolute priority rule; (3) adopts the "narrow view" of the BAPCPA amendments to the absolute priority rule, but clarifies that the Debtors may retain exempt property without violating the rule; and (4) determines that the plan cannot be confirmed unless new value in an amount equal to or greater than the Debtors' non-exempt property is contributed to the plan by a source other than the Debtors.

Since it appears that the Debtors' plan lacks sufficient new value for confirmation, the Debtors should file a modified plan within 30 days. Any modified plan also should address the "good faith" and "projected disposable income" issues resolved at the confirmation hearing.

Dated: August 7, 2013

By the Court:

/s/ Susan Kelley
Susan V. Kelley
U.S. Bankruptcy Judge

9

Case 12-21108-svk    Doc 143    Filed 08/07/13    Page 9 of 9